IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA ANNE ROSS,

    Plaintiff,

vs.                                                                         No. CIV 99-0139 JC/LCS (ACE)

LEE ENTERPRISES, INC., et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment *(Doc. 6)*, filed March 10, 1999. Defendants ask the Court to dismiss Counts I, II, III, IV and VIII against the individual defendants Lange and Calderon. The Defendants also ask the Court to dismiss in their entirety Counts II, III, IV, V, VI, and VIII. Plaintiff has agreed to dismiss Counts V and VI.

**I.    Background**

This is an employment discrimination case. Plaintiff is a former employee of Lee Enterprises, the parent company of television station KRQE-TV. Plaintiff worked at KRQE-TV as a producer. Plaintiff is suing Lee Enterprises and KRQE-TV as well as Tauna Lange, the news director, and Gerges Calderon, the executive producer and Plaintiff's former supervisor. Count I alleges reverse race discrimination based on Title VII of the Civil Rights Act of 1964, as amended. Counts II, III, IV, and VIII allege sexual discrimination, sexual harassment, wrongful discharge, and retaliation,

respectively. Those counts are based upon Title VII and the New Mexico Human Rights Act. Plaintiff is proceeding *pro se*.

**II.     Standards of Review**

    **A.     Motion to Dismiss**

In ruling on a motion to dismiss, a court presumes all of the plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Courts may not dismiss a lawsuit for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to recovery. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Complaints drawn by *pro se* litigants, such as the complaint now before the Court, are held to less stringent pleading standards than complaints drafted by counsel. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nonetheless, a *pro se* complaint may be dismissed if it clearly fails to state a legally cognizable claim. *Id.*. "The court should not assume the role of advocate [for a *pro se* litigant], and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992) (citing *Hall*, 935 F.2d at 1110).

    **B.     Motion for Summary Judgment**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56( c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U. S. 317, 321- 23 (1986). Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or

denials of [their] pleading[s], [they] must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). In reviewing a motion for summary judgment, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995), even when it is produced by the moving party." *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995). "Summary judgment is only appropriate if 'there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 249 (1986)). "Thus, to defeat a summary judgment motion, the non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U. S. 574, 585-86 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U. S. at 249_50 (citations omitted).

### III. Counts I, II, III, IV, and VIII:  The Claims Against Individual Defendants Lange and Calderon

Defendants argue as a matter of law that individual Defendants Lange and Calderon cannot be liable under either Title VII or the New Mexico Human Rights Act. Defendants also argue that Plaintiff failed to exhaust her administrative remedies with respect to the individual defendants and so dismissal as to those individual defendants is appropriate. Defendants are correct with respect to individual liability under Title VII. Title VII liability is borne by the employer, not by supervisors or employees in their individual capacities. *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). However, Defendants are mistaken in believing that there is no individual liability under the New Mexico Human Rights Act. Several judges in our district, including myself, have found that

individual defendants can be sued under the New Mexico Human Rights Act. *See Denham v. Mesa Mental Health Prof'ls, P.C.*, No. CIV 98-0540 JP/RLP, Order (Aug. 7, 1998). Nonetheless, the New Mexico courts have held that a defendant cannot be sued under the New Mexico Human Rights Act unless the complainant has exhausted his administrative remedies pursuant to the grievance procedure set forth in the New Mexico Human Rights Act. *See Luboyeski v. Hill,* 117 N.M. 380, 382, 872 P. 2d 353, 355 (1994).

Clearly, individual Defendants Lange and Calderon are not subject to Title VII liability as a matter of law. Although individual Defendants Lange and Calderon can be sued in their individual capacities under the New Mexico Human Rights Act, it is undisputed that they were not named as parties in the initial administrative proceeding. "[P]arties who have not been parties to an administrative proceeding should not be added on appellate review of that proceeding." *Id*. Consequently, the New Mexico Human Rights Act claims against the individual Defendants are unexhausted and not subject to review by this Court. I, therefore, find that Counts I, II, III, IV, and VIII should be dismissed against individual Defendants Lange and Calderon.

### IV. Counts II, III, and VIII: Failure to Exhaust Administrative Remedies

Defendants argue that Counts II, III, and VIII should also be dismissed in their entirety because of Plaintiff's failure to exhaust administrative remedies by not raising those claims in the Equal Employment Opportunity Commission (EEOC) charge. "A plaintiff is required to file a timely charge of discrimination with the Equal Employment Opportunity Commission [EEOC] prior to filing a civil action under Title VII." *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir.), *cert. denied*, 118 S. Ct. 342 (1997) (citing 42 U.S.C. §§ 2000e-5(e) and (f)(1)). Without such a prior

EEOC charge, this Court lacks jurisdiction to hear the Title VII claims. *Id*. (citing *Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3d Cir. 1990)). The Court can nevertheless hear a Title VII claim not raised in an EEOC charge if it "'may encompass any discrimination like or reasonably related to the allegations of the [EEOC] charge, including new acts occurring during the pendency of the charge before the [EEOC].'" *Id*. (quoting *Brown v. Hartshorne Pub. Sch. Dist. #1*, 864 F.2d 680, 682 (10th Cir. 1988)). This exception to the exhaustion rule fulfills the purpose of filing an EEOC charge, namely, to "provide notice of the alleged violation to the charged party, and to provide the [EEOC] with the opportunity to conciliate the claim." *Id*. (citing *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989)).

In this case, it is undisputed that Plaintiff's EEOC charge of discrimination only alleges race discrimination. Counts II and III allege discrimination based on sex and sexual harassment. I fail to see how Counts II and III are in any way like the alleged racial discrimination or that those counts are reasonably related to the alleged racial discrimination. Accordingly, I find that Plaintiff failed to exhaust her administrative remedies with respect to Counts II and III. The Court, therefore, does not have jurisdiction over those counts. Counts II and III should be dismissed in their entirety.

Count VIII alleges retaliation prior to Plaintiff's filing of her EEOC charge. "[W]here a retaliatory act occurs prior to the filing of a charge and the employee fails to allege the retaliatory act or a retaliation claim in the subsequent charge, the retaliatory act ordinarily will not reasonably relate to the charge." *Seymore*, 111 F.3d at 799. Finding no extraordinary reason not to apply the above stated law on the relation of retaliation to EEOC charges, I find that Plaintiff likewise failed to exhaust her retaliation claim. Without jurisdiction over Count VIII, Count VIII should also be dismissed in its entirety.

## V. Count IV: Wrongful Discharge

The Defendants argue that Count IV should be dismissed for failure to state a claim for wrongful discharge under either Title VII or the New Mexico Human Rights Act. Title VII makes it unlawful for an employer to discharge an employee because of that employee's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The New Mexico Human Rights Act makes it unlawful to discriminate against any qualified person because of race, age, religion, color, national origin, ancestry, sex, physical or mental handicap, or serious medical condition. 1978 N.M.S.A. § 28-1-7(A). Count IV alleges that Plaintiff was wrongfully discharged because she was looking for work at other television stations. Plaintiff claims that Defendants did not give her fair warning of her job termination, and Defendants denied her a suspension and severance pay. Nowhere in Count IV does Plaintiff allege that she was discharged for any of the unlawful grounds stated in Title VII and the New Mexico Human Rights Act. Consequently, I find that Count IV fails to state a claim under either Title VII or the New Mexico Human Rights Act. Count IV should, therefore, be dismissed.

Wherefore,

IT IS ORDERED that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment *(Doc. 6)* is **granted**.

IT IS FURTHER ORDERED that the Title VII claims in Counts I, II, III, and VIII are dismissed with prejudice as to individual Defendants Lange and Calderon; the remaining claims in Counts II, III, and VIII are dismissed without prejudice; and Counts IV, V, and VI are dismissed with

prejudice. Count I remains as to Defendants Lee Enterprises and KRQE-TV and Count VII remains intact.

DATED this 28th day of May, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Plaintiff *Pro Se*: | Cynthia Anne Ross<br>San Diego, California |
| For Defendants: | Martin R. Esquivel<br>Margaret McNett<br>Dines, Gross & Esquivel, P.C.<br>Albuquerque, New Mexico |