# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CYNTHIA ANNE ROSS,

    Plaintiff,

  vs.                                                        No. CIV 99-0139 JC/LCS (ACE)

LEE ENTERPRISES, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Strike *(Doc. 16)*, filed March 29, 1999. Defendants move the Court to strike certain allegations in Plaintiff's Complaint based on FED. R. CIV. P. 12(f). Specifically, Defendants argue that allegations of state action and constitutional violations as well as paragraphs 59 and portions of paragraphs 134 and 135 of the Complaint are redundant, immaterial, impertinent, or scandalous and so should be stricken.

Rule 12(f) allows the Court "to order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). However, such motions are viewed with disfavor and are rarely granted. *Hill v. Cray Research, Inc.*, 864 F. Supp. 1070, 1073 (D.N.M. 1991). Motions to strike are often considered "time wasters" and will be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382, at 683-690 (1990). If the Court has any doubt as to whether to strike a matter, it should deny the motion. *Hill*, 864 F. Supp. at 1073. Scandalous matters receive different treatment.

FEDERAL PRACTICE AND PROCEDURE § 1382, at 714. A scandalous allegation under Rule 12(f) is a matter that improperly casts a derogatory light on a party and does not describe events or circumstances relevant to the action. *Id.* at 713-14.

**A.     The State Action and Constitutional Allegations**

The Complaint refers to Defendants acting under color of state law without alleging any 42 U.S.C. § 1983 or constitutional violations. Defendants in this case are clearly private entities or individuals not acting under color of state law. These allegations of actions under color of state law have no possible relation to Plaintiff's Title VII, equal pay, and state claims. The inclusion of the references to color of state law tends to confuse the issues. *See RTC v. Fleisher*, 835 F. Supp. 1318, 1320 (D. Kan. 1993) (one of the purposes of Rule 12(f) is to minimize confusion by narrowing the issues). I, therefore, find that any references to Defendants acting under color of state law should be stricken.

**B.     Paragraph 59**

Paragraph 59 states that Defendant Calderon was terminated from another job after his female subordinates complained of sexual harassment. Defendants assert that paragraph 59 is scandalous and not relevant to the sexual harassment that allegedly occurred while Defendant Calderon was employed by Defendant Lee Enterprises. Also, Defendants maintain that paragraph 59 is redundant since Plaintiff has a separate count for sexual harassment in the Complaint. I agree with Defendants. Paragraph 59 is at the very least scandalous by casting a derogatory light upon Defendant Calderon for actions he committed in a prior job unrelated to Plaintiff's claim of disparate treatment and harassment by Defendants while she worked for Defendant Lee Enterprises. Paragraph 59 should, therefore, be stricken.

C.  **Paragraph 134**

Paragraph 134 falls under Plaintiff's Equal Pay count. Paragraph 134 states that Shelley Bruner, an anchorwoman, received a $13,000 pay raise. This information is not related to Plaintiff's allegation that other male producers were paid more than she. This statement is clearly not related to Plaintiff's claims. However, it is not prejudicial to Defendants nor does it necessarily cast a derogatory light upon Defendants. I find no justification for striking paragraph 134.

D.  **Paragraph 135**

Paragraph 135 states that Aaron Hirschorn, a male producer, was paid more money and was given a bonus of several hundred dollars to remain at the television station through November 1998. This paragraph appears to be related to Plaintiff's equal pay claim that male producers were paid more than she was. This paragraph, although somewhat redundant of paragraph 125's general averment that male producers were paid more than the Plaintiff, does add more detail to Plaintiff's equal pay claim. Paragraph 135 is also not prejudicial to Defendants nor does it cast a derogatory light upon Defendants. Consequently, paragraph 135 should not be stricken.

Wherefore,

IT IS ORDERED that Defendant's Motion to Strike *(Doc. 16)* is **granted in part**.

IT IS FURTHER ORDERED that references to Defendants working under color of state law are stricken as well as paragraph 59 of the Complaint.

DATED this 28th day of May, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff *Pro Se*: Cynthia Anne Ross
San Diego, California

For Defendants: Martin R. Esquivel
Margaret McNett
Dines, Gross & Esquivel, P.C.
Albuquerque, New Mexico