IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA ANNE ROSS,

    Plaintiff,

  vs.                                                        No. CIV 99-0139 JC/LCS (ACE)

LEE ENTERPRISES, INC., et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court upon Defendants' Motion for Rule 11 Sanctions *(Doc. 31)*, filed April 19, 1999. Defendants base their Motion for Rule 11 Sanctions on the fact that Plaintiff had no basis in law for bringing Counts I, II, III, IV, and VIII against individual Defendants Lange and Calderon. Those counts are based on Title VII of the Civil Rights Act of 1964, as amended, and the New Mexico Human Rights Act. The Court notes that when ruling on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, the Court found no individual liability for the Title VII claims but found individual liability could be alleged for the New Mexico Human Rights Act claims. *See* Mem. Op. and Order granting Defs.' Mot. to Dismiss, or in the Alternative, for Summ. J. The New Mexico Human Rights Act claims against the individual Defendants, however, were dismissed for failure to exhaust administrative remedies. Defendants also allege that Plaintiff had no basis in law for bringing Counts II, III, and VIII, because they contained unexhausted claims of sex discrimination, sexual harassment, and retaliation. The Court found that Counts II, III, and VIII were indeed unexhausted and subject to dismissal. *See id*. Defendants

request Rule 11 sanctions consisting of the reasonable attorney fees and costs they incurred in bringing this Motion for Rule 11 Sanctions and their Motion to Dismiss, or in the Alternative, for Summary Judgment, filed March 10, 1999. Plaintiff is proceeding *pro se*.

Rule 11 "relates to the time of the signing of a document and imposes an affirmative duty on each attorney and each party, represented or *pro se*, to conduct a reasonable inquiry into the validity and accuracy of a document before it is signed." *Eisenberg v. University of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991). Sanctions may be appropriate where a *pro se* litigant fails to make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law. *White v. General Motors Corp., Inc.*, 908 F. 2d 675, 680 (10th Cir. 1990), *cert. denied*, 498 U.S. 1069 (1991). *Pro se* status does not provide litigants with a license to file baseless pleadings that serve to "'clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir.1988) (quoting *Farguson v. M Bank Houston, N.A.*, 808 F.2d 358, 359 (1986)).

The standard for evaluating Plaintiff's conduct under Rule 11 is an objective one. *White*, 908 F.2d at 680. The Court examines whether Plaintiff's actions were reasonable under the circumstances. *Id*. In this case, Plaintiff, a college graduate, has shown a remarkable ability to draft pleadings and write supporting memoranda indicating that she has sufficient legal acumen to understand the ramifications of filing baseless claims in violation of Rule 11. Upon receiving the Complaint, counsel for Defendants wrote a letter to Plaintiff advising her that she cannot make discrimination claims against the individual defendants and bring unexhausted claims. Counsel asked Plaintiff to withdraw those claims. Plaintiff did not do so. At the time Defendants filed their motion to dismiss, Defendants' counsel once again informed Plaintiff that these claims were frivolous and

asked Plaintiff to withdraw them. Plaintiff did not withdraw those claims. Before filing this Rule 11 motion, Defendants gave Plaintiff yet another opportunity to withdraw her frivolous claims. Still, Plaintiff did not withdraw her claims.

As stated *supra*, Plaintiff had a basis in law to name the individual defendants in her New Mexico Human Rights Act claims. However, Plaintiff was put on notice that there was a problem with the Title VII individual claims and the unexhausted claims. Plaintiff apparently made no reasonable inquiry into the validity of those claims. I find that Plaintiff's failure to make such a reasonable inquiry constitutes a Rule 11 violation.

In determining Rule 11 sanctions, the Court keeps in mind that the primary goal of the sanctions is deterrence. *White*, 908 F.2d at 683. Awarding attorney fees and costs is only one method of achieving deterrence. *Id*. "The appropriate sanction should be the least severe sanction adequate to deter and punish the plaintiff." *Id*. at 684 (citations omitted). Factors to consider in determining sanctions include the reasonableness of attorney fees and costs; the minimum sanction needed to deter the wrongdoer; ability of the wrongdoer to pay; the wrongdoer's history, experience, and ability; the severity of the Rule 11 violation; the degree of malice or bad faith; and "the risk of chilling the type of litigation involved." *Id*. at 684-85. In this instance, Defendants have not proffered what their reasonable attorney fees and costs would be. Plaintiff, however, has provided evidence that her only source of income is unemployment benefits of $344 received bi-weekly. The Court notes that Plaintiff is educated although not in the field of law. There is also some indication that Plaintiff may have been intimidated by Defendants' counsel. In addition, the Rule 11 violation cannot be considered exceptionally severe, especially considering that Plaintiff could sue the individual defendants under the New Mexico Human Rights Act. Moreover, Plaintiff in all probability did not

violate Rule 11 out of malice although one could argue that the violation was made in bad faith. Finally, the risk of chilling employment discrimination cases, many of which are brought *pro se*, is rather high if severe sanctions are granted. In sum, I find that considering the above factors sanctions of $100 are appropriate.

Wherefore,

IT IS ORDERED that Defendants' Motion for Rule 11 Sanctions *(Doc. 31)* is **granted in part**.

IT IS FURTHER ORDERED that Plaintiff shall pay to Defendants' counsel $100 within 30 days of the date this Memorandum Opinion and Order is filed.

DATED this 28th day of May, 1999.

                                                                                         **CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff *Pro Se*:     Cynthia Anne Ross
                            San Diego, California

For Defendants:     Martin R. Esquivel
                          Margaret McNett
                          Dines, Gross & Esquivel, P.C.
                          Albuquerque, New Mexico